**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOSE VICENTE TOVAR RAMIREZ,** | § | |
| **PETITIONER,** | § | |
| | § | |
| **V.** | § | **CIVIL CASE NO. 3:26-CV-2559-G-BK** |
| | § | |
| **MARKWAYNE MULLIN, ET AL.** | § | |
| **RESPONDENTS.** | § | |

# FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition. Upon review, the petition should be summarily **DISMISSED WITHOUT PREJUDICE** as premature.[1]

On July 31, 2026, Petitioner Jose Vicente Tovar Ramirez, a native of Venezuela and an alien detainee in the custody of Immigration and Customs Enforcement ("ICE"), initiated this action by filing a petition for writ of habeas corpus challenging his detention pending removal. Doc. 1. Relying on *Zadvydas v. Davis*, 533 US 678 (2001), Ramirez alleges that ICE has detained him under 8 U.S.C. § 1231(a)(6) "beyond the statutory removal period without adequate

---

[1] A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal of § 2241 petition); *see also* Rule 1(b) of the RULES GOVERNING SECTION 2254 CASES (providing that the § 2254 rules also apply to habeas petitions not covered under § 2254); and Rule 4 of the Section 2254 Rules ("If it plainly appears from the petition … that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

legal justification." Doc. 1 at 4. Ramirez thus seeks release from custody under reasonable conditions of supervision or an individualized custody hearing. Doc. 1 at 6.

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court addressed a post-removal-order-detention challenge. The court held that it is presumptively constitutional for an alien to be detained for not more than six months after a *final* order of removal. *Id.* at 701.

Here, review of online government records (of which the Court takes judicial notice) confirms an immigration judge ordered Ramirez removed on January 15, 2026, and an appeal of that order to the Board of Immigration Appeals (BIA), filed January 22, 2026, is pending.[2] Because Ramirez is awaiting disposition of the BIA appeal, the removal order is not yet final. *See* 8 U.S.C. § 1101(a)(47)(B) ("The [removal] order . . . shall "become final upon the earlier of—(i) a determination by the [BIA] affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the [BIA]."); *Castillo-Rodriguez v. I.N.S.*, 929 F.2d 181, 183 (5th Cir. 1991) ("The order of the immigration judge . . . is not final when a timely appeal is taken to the [BIA].").

Ramirez's petition is thus premature and should be dismissed without prejudice. *See Agyei-Kodie v. Holder*, 418 F. App'x 317, 317-18 (5th Cir. 2011) (per curiam) (affirming dismissal of post-removal-order-detention challenge as premature; noting that six-month period following date on which removal order becomes final must have elapsed before filing of habeas petition challenging confinement under *Zadvydas*); *see also Pambukhchyan v. U.S. Immigr. & Customs Enf't*, No. CV 26-0136, 2026 WL 980250, at *2 (W.D. La. Mar. 23, 2026), *rec.*

[2] The Executive Office for Immigration Review (EOIR) automated case information database is available at https://acis.eoir.justice.gov/en/ (last accessed on August 12, 2026).

*adopted*, No. CV 26-0136, 2026 WL 978973 (W.D. La. Apr. 10, 2026) (dismissing premature habeas petition because BIA appeal was pending).

For the foregoing reasons, Ramirez's petition for writ of habeas corpus should be summarily **DISMISSED WITHOUT PREJUDICE** as premature.[3]

**SO RECOMMENDED** on August 26, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).

[3] This is the second, premature habeas corpus petition that counsel has filed on behalf of Petitioner. *See Ramirez v. Noem*, No. 4:26-CV-235-O (N.D. Tex. May 28, 2026) (dismissing without prejudice since less than six months had elapsed since the removal order).